## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Shirley T. Greene

v.

MITCO et al.

November 18, 1988

Case No. L-88-476

By JUDGE WILLIAM H. LEDBETTER, JR.

In this breach-of-contract case, Mr. Greene seeks to recover monetary damages from MITCO on account of the latter's failure to go to settlement in accordance with a real estate sale contract between the parties dated May 18, 1988.

Mr. Greene set forth his claim in a 33-paragraph motion for judgment filed in this court on September 19, 1988. The defendant demurred, and a hearing on the demurrer (as well as on motions of Mr. Greene) was held on November 7, 1988. Both parties submitted memoranda and citations of authorities. The purpose of this letter opinion is to announce and explain the court's ruling on the demurrer.

In considering a demurrer, all facts alleged and all facts reasonably inferable from the allegations are deemed true. *West Alexandria Properties, Inc. v. First Virginia Mortgage*, 221 Va. 134 (1980). Therefore, in evaluating the merits of the defendant's demurrer in this case, the court assumes that all of the statements contained in Mr. Greene's motion for judgment are true and accurate. The question, then, is whether the pleading

states a cause of action upon which the relief sought can be granted. Virginia Code § 8.01-273.

In his motion for judgment, Mr. Greene sets forth in great detail the facts and circumstances surrounding the real estate sale contract, the purpose of the settlement date, and related matters. Next, he alleges with clarity that MITCO materially breached the contract by failing to go to settlement. Then, he alleges that he was thereafter forced to resell the property for less than the MITCO contract price, thereby providing the measure of his damages.

If the pleading had stopped at that point, it is doubtful that a demurrer would have been filed. But the breach and resale did not conclude the story. Forthrightly, Mr. Greene concedes that on June 29, 1988, he signed a "mutual release" terminating his and MITCO's rights and liabilities under the real estate sale contract. To avoid the obvious legal consequences of the release, Mr. Greene explains the circumstances surrounding its execution and alleges that the release is void because he signed it "under duress."

Thus, the specific issue raised by the demurrer is whether the motion for judgment states sufficient facts to permit the court to void the release and grant relief on the contract. Again, the court notes that for purposes of this ruling, it is assumed that all of the allegations are true and that they can be proved if the case were to go to trial.

An agreement procured by force, threat, coercion or intimidation is not enforceable. In fact, it is not a valid contract at all because one of the essential ingredients, mutual assent, is missing. Although the terms "coercion" and "duress" originally applied only to acts of physical force or intimidation, today there is no such limitation. Any wrongful act or threat that overcomes free will and induces a person to do what he otherwise would not have done can be the basis for vitiation on the ground of coercion or duress. In order to prevail, the claimant must have entered into the transaction without volition and without the ability to exercise free will and judgment. The crucial element is the state of mind of the person induced. On the other hand, a threat to do what one has a legal right to do is not duress. The

act threatened must be *wrongful. Bond v. Crawford*, 193 Va. 437 (1952).

The circumstances of this release, as alleged in the motion for judgment, are as follows.

As soon as it became evident that MITCO did not intend to go to settlement under the terms of the contract, Mr. Greene sought another purchaser. His eagerness to sell and convey the property as quickly as possible was necessitated by financial circumstances, explained in detail in the pleading. Almost immediately, he found a purchaser who expressed a willingness to buy the property for $300,000.00 (almost a quarter million dollars less than the purchase price in the MITCO contract), contingent upon Mr. Greene obtaining a release from MITCO of its rights under the contract. MITCO's attorney, however, took the position that the release would have to be mutual, i.e., that if MITCO was going to release its rights under the contract, Mr. Greene also would have to do so. MITCO's attorney prepared the "Mutual Release," a copy of which is attached to the motion for judgment. Mr. Greene objected, then mulled it over, declared that he would be signing the instrument "under duress," and discussed his alternatives with MITCO's attorney. Nevertheless, within a few hours after its preparation, Mr. Greene signed the release. Shortly thereafter, he sold the property to the third party for $300,000.00.

There is nothing in the statement of facts contained in the motion for judgment which indicates that Mr. Greene was forced, threatened, or coerced to do anything at anytime. He was not, as a result of any of those factors, deprived of his ability to exercise volition and free will. Simply put, MITCO took the position, through its attorney, that if Mr. Greene wanted a release of its rights under the contract, he would have to do likewise. Because Mr. Greene was facing a deadline with regard to financial obligations which, admittedly, had nothing to do with MITCO, he was obliged to sell the property to a third party; and, to do that, he was required to sign a mutual, rather than a one-sided, release.

Mr. Greene alleges that he was "in a state of fear of financial ruin." Undoubtedly, Mr. Greene was under considerable pressure, and MITCO's failure to go to settlement on the agreed date of closing greatly magnified his

problems. The court sympathizes with Mr. Greene and is chagrined by the circumstances in which Mr. Greene found himself entangled. Nevertheless, under the facts alleged, it is clear that Mr. Greene's execution of the release was a volitional act, accomplished after deliberation, a review of his alternatives, bargaining for a different form of release, and discussions with MITCO's attorney.

*Harris v. Cary*, 112 Va. 362 (1911), is inapposite. There, the trial court sustained a demurrer to a pleading that alleged that the complainant was compelled to sign a contract in order to save his property, which was being illegally withheld, and threatened with destruction, by the defendant. Here, MITCO did not have possession or control of Mr. Greene's property and was not refusing to deliver it to him unless he gave MITCO something which they had no right to receive. MITCO's demands were not fraudulent, oppressive, or unconscionable. MITCO did not demand the release in the first place. Instead, MITCO insisted that if it was to release Mr. Greene, as Mr. Greene wanted it to do, then Mr. Greene likewise would have to release MITCO. There is nothing fraudulent, oppressive, unconscionable, or wrongful, in fact, nothing unusual, about such a request for mutuality.

Therefore, it is the opinion of the court that the motion for judgment does not state sufficient facts to entitle Mr. Greene to relief from the release on the ground of duress and coercion.

The allegation of undue influence is similarly flawed. Further, since it is apparent from the allegations themselves that Mr. Greene had no confidential or fiduciary relationship with either MITCO or its attorney during the time frame pertaining to the contract or the release, the principle of undue influence is not available in this case as a basis for voiding the release.

Accordingly, the demurrer will be sustained.

Ordinarily, a party is permitted to amend his pleadings when they are held to be demurrable. Leave to amend should be liberally granted in furtherance of the ends of justice. Rule 1:8. However, where it is manifest that an amendment cannot cure the defect or supply the missing elements without creating an entirely new and different demand or claim, the court should dispose of the case on the pleadings.

Here, the motion for judgment not only fails to state facts upon which the relief sought by Mr. Greene could be granted, the pleading goes further and details a set of facts and circumstances that plainly would preclude relief on the ground of duress, coercion, or undue influence, no matter how many amendments were allowed and no matter how much the facts were embellished, amplified, or clarified.

Therefore, the demurrer will be sustained and the case dismissed.